UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HCS RENEWABLE ENERGY, LLC, | * |
| | * |
|     Plaintiff, | * |
| v. | * |
| | *   CIVIL ACTION NO. |
| JOULE ENERGY HOLDING, LLC d/b/a | *   _____ |
| JOULE ENERGY, LLC, | * |
| | * |
|     Defendant. | * |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff HCS Renewable Energy, LLC hereby complains of Defendant Joule Energy Holding, LLC d/b/a Joule Energy, LLC.

### PARTIES

1. Plaintiff HCS Renewable Energy, LLC is a Texas LLC headquartered in Travis County, Texas. Its sole member is a Delaware corporation with its principal place of business in Travis County, Texas.

2. Defendant Joule Energy Holding, LLC d/b/a Joule Energy, LLC is a Louisiana limited liability company. Joule may be served with process by serving its Registered Agent and Manager, Robert Schmidt, at 701 S. Alexander Street, New Orleans, LA 70119, or wherever he may be found. On information and belief, every member of Joule is an individual domiciled in Louisiana.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1).

4. Venue is proper in the Eastern District of Louisiana because the contract at issue in this case was executed and performed in Orleans Parish. 28 U.S.C. § 1391(b)(2).

## BACKGROUND FACTS

5. HCS furnishes labor for construction and energy projects.

6. On or around May 26, 2017, Joule entered an agreement with HCS entitled Master Services Agreement. The agreement established the general terms and conditions of Joule's business relationship with HCS.

7. The agreement created an account whereby Joule could purchase certain labor from HCS on credit.

8. Subsequently, Joule ordered labor from HCS.

9. Pursuant to the agreement, HCS furnished the labor to Joule on credit.

10. Although Joule agreed to pay for the labor and HCS has sent written demand for payment for the labor, Joule has failed and refused to pay. The labor for which Joule owes HCS payment are reflected on the following invoices.

| Date of Invoice | Invoice Number | Principal Amount Due |
|---|---|---|
| 9/11/2019 | 13172 | $ 5,322.67 |
| 9/18/2019 | 13219 | 24,409.56 |
| 9/25/2019 | 13253 | 9,568.35 |
| 9/25/2019 | 13259 | 1,116.16 |
| 10/2/2019 | 13306 | 929.83 |
| 10/23/2019 | 13404 | 327.50 |
| 11/13/2019 | 13504 | 4,540.74 |
| 11/21/2019 | 13535 | 17,308.17 |
| 11/26/2019 | 13561 | 15,411.61 |
| 12/5/2019 | 13627 | 9,415.44 |
| 12/13/2019 | 13661 | 9,309.18 |
| 12/19/2019 | 13807 | 11,525.63 |
| 12/27/2019 | 13884 | 3,123.75 |
| **PRINCIPAL AMOUNT DUE** | | **$ 112,308.59** |

11.     After application of all credits and offsets, Joule owes $112,308.59, plus interest, service charges, and attorneys' fees, costs, and expenses.

## COUNT ONE: OPEN ACCOUNT

12.     At Joule's request, HCS sold and delivered labor to Joule.

13.     Joule accepted the labor and agreed to pay the designated prices, which were reasonable, usual, and customary prices for the sale of the labor.

14.     HCS kept a systematic record of the sales and the labor furnished.

15.     On or about January 14, 2022, HCS sent written demand to Joule, setting out the amount due.

16.     Despite HCS's written demand for payment, Joule failed to pay the amount due.

17.     The principal amount due to HCS on the unpaid invoices, after all just and lawful offsets, credits, and payments have been allowed, is $112,308.59, plus interest, service charges, and attorneys' fees, costs, and expenses.

## COUNT TWO: BREACH OF CONTRACT

18.     HCS and Joule entered the agreement, which allowed Joule to purchase the labor on credit from HCS.

19.     HCS fully performed its obligations under the agreement by selling and furnishing the labor to Joule.

20.     Despite demand, Joule breached the agreement by failing and refusing to pay the amounts due and owing for sale and provision of the labor.

21.     As a result of its breach, Joule owes HCS $112,308.59, plus contractual interest at a rate of 18% per year, service charges, and attorneys' fees, costs, and expenses.

## ATTORNEYS' FEES

22.     HCS previously presented Joule with written demand for payment.

23.     Despite written demand, Joule failed and refused to pay the amount due.

24.     As a result, HCS has been required to retain the law firm of Bell Nunnally & Martin LLP to enforce HCS's rights and has agreed to pay the firm a reasonable fee for its services. HCS has incurred, and will continue to incur, reasonable attorneys' fees, which it seeks to recover pursuant to the terms of the Agreement and La. R.S. § 9:2781.

## CONDITIONS PRECEDENT

25.     All conditions precedent to HCS's recovery have been fully performed, or have occurred or been waived.

## PRAYER

**WHEREFORE,** Plaintiff HCS Renewable Energy, LLC prays that Defendant Joule Energy Holding, LLC d/b/a Joule Energy, LLC be cited to appear and answer herein, and that, on final hearing, HCS Renewable Energy, LLC have judgment against Defendant Joule Energy Holding, LLC d/b/a Joule Energy, LLC for:

a.      Damages in the principal amount of $112,308.59;

b.      Service charges imposed by the agreement and the invoices;

c.      Pre-judgment interest at a rate of 18% per year and post-judgment interest at the maximum rate allowed by Louisiana law;

d.      Reasonable attorneys' fees and expenses for pre-trial, trial, and any subsequent appeal;

e.      Costs of suit; and

f.      Such other and further relief, at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By*:*   */s/ Beverly A. Whitley*
          Beverly A. Whitley
          Louisiana Bar No. 20417
          bwhitley@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Telecopy: (214) 740-1499

**COUNSEL FOR PLAINTIFF
HCS RENEWABLE ENERGY, LLC**

7074822_1.docx

5